UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-0828 DOC (RNBx)                                   Date: November 19, 2010

Title: SALT OPTICS, INC. v. JAND, INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                          NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO DISMISS

      Before the Court is a Motion to Dismiss filed by Defendants Jand, Inc. ("Jand") and The Bear Cave Design, Inc. ("TBC") (collectively, "Defendants") in the above-captioned case ("Motion to Dismiss") (Docket 29). Defendants move to dismiss on the grounds that the Court lacks personal jurisdiction over Defendant TBC and that Plaintiff has failed to state a claim against both Defendants. After considering the moving, opposing and replying papers thereon, the Court hereby GRANTS the Motion to Dismiss.

      I.      **BACKGROUND**

      The facts, according to the allegations of the First Amended Complaint ("FAC") are as follows. Plaintiff Salt Optics Inc. ("Plaintiff") was formed in 2006 to design, market and sell premium eyewear to the public. Plaintiff created the "Salt Optics Website" to promote its products and registered several aspects of its website with the United States Copyright Office. Defendant Jand, Inc., doing business as Warby Parker, also sells eyewear to the public via a website designed by Defendant TBC. Plaintiff alleges that Defendants "intentionally copied, modified, transformed, adapted and displayed" the Salt Optics Website. Plaintiff alleges that both Jand and TBC were fully aware of the infringement at the time they developed and implemented their website, which gives rise to claims against both for trade dress and copyright infringement, as well as vicarious and contributory infringement. Plaintiff also asserts causes of action for unfair competition and misappropriation.

Plaintiff lists seven aspects of Defendant's website that allegedly mimic Plaintiff's site. First, Defendant utilized "saltwater blue" text offset against black and grey text, which is identical to Plaintiff's website. Second, the background borders of both websites are blue and grey against a white foreground. Third, the websites present and organize their eye glasses in a similar way. Fourth, both websites utilize models who wear the glasses consumers choose to see modeled. Fifth, both websites include a magnification tool. Sixth, on both websites consumers can choose to see a pair of glasses in a close-up photo with a small inset of the model wearing the glasses. On each site, this inset of the model contains two poses, one profile and the other head-on. Finally, Plaintiff avers that both websites feature the company's logo in the upper left-hand corner of the screen.

## II. LEGAL STANDARD

### Dismissal for Lack of Personal Jurisdiction

A plaintiff bears the burden of establishing that personal jurisdiction exists over a defendant. *E.g., Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003) (citing *John Doe I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). The Court may rule on a defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) without first holding an evidentiary hearing. In such a situation, a plaintiff has the burden of making a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss. *Id.* at 1129. For the purposes of Plaintiff's *prima facie* showing of personal jurisdiction, uncontroverted allegations in the FAC must be taken as true and conflicts between the facts contained in the parties' affidavits must be resolved in Plaintiff's favor. *Brayton Purcell, LLP v. Recordom & Recordon*, 606 F. 3d 1124, 1130 (9th Cir. 2010) (*"Brayton II"*).

Where there is no federal statute controlling the Court's exercise of personal jurisdiction, federal courts must look to the forum state's jurisdictional statute to determine whether it is proper to assert personal jurisdiction. *E.g., id.* The California long-arm statute provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Thus, the Court's jurisdictional analysis under California law and federal due process is the same. *Yahoo! Inc. v. La Ligue Control Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

The Due Process Clause requires that a court exercise personal jurisdiction over a defendant only if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945) (internal quotation marks omitted). A court may exercise general jurisdiction over a defendant whose contacts with the forum are so "continuous and systematic" that personal jurisdiction is proper in any action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78, 105 S. Ct. 2174 (1985). Absent general jurisdiction, a court may also exercise specific jurisdiction over a defendant where "jurisdiction [is] based on the relationship between the

defendant's forum contacts and the plaintiff's claim." *Yahoo!*, 433 F.3d at 1205.

### Dismissal for Failure to State Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.    DISCUSSION

### Personal Jurisdiction

Defendants argue that the Court lacks personal jurisdiction over TBC. In support of this claim, Defendants stress the lack of connection between TBC and California. Indeed, the parties do not

dispute that TBC is a two-person New York corporation with its sole office located in New York. Decl. of D. Miller, ¶¶ 4-5. TBC has no clients, offices, employees, bank accounts, equipment or investments in California, nor has TBC ever paid taxes in California. *Id.* at ¶¶ 7-10. Although a consumer may access TBC's website in California (as well as all other states), the website merely offers information – it is not interactive and does not permit customers to conduct business with TBC via the web. Clearly, TBC does not have sufficient contacts with California to subject it to general personal jurisdiction in the state. *See Burger King*, 471 U.S. at 477-78 (general jurisdiction exists only with respect to defendants who have "continuous and systematic" contacts with the forum state).

Plaintiff argues, however, that specific personal jurisdiction exists in the context of this case. In order for specific jurisdiction to exist: (1) the non-resident defendant must purposefully direct its activities at, or consummate some transaction with, the forum state or a resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim must be one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Yahoo!*, 433 F.3d at 1205.

In a torts case such as this one, courts evaluate the first prong of the specific jurisdiction analysis using the purposeful direction or "effects" test expounded in *Calder v. Jones*, 465 U.S. 783 (1984). *See Brayton Purcell, LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135, 1140 (N.D. Cal. 2005 ("*Brayton I*"). To establish personal jurisdiction under the *Calder* "effects" test, Plaintiff must present a *prima facie* case that TBC (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

An allegation of willful copyright infringement, standing alone, can satisfy the *Calder* "effects" test if the act is aimed at a known forum resident. *Columbia Pictures Television v. Krypton Broad. of Birmgingham, Inc.,* 106 F.3d 284, 289 (9th Cir. 2007), rev'd on other grounds, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) ("Columbia alleges ... that Feltner willfully infringed copyright owned by Columbia which, as Feltner knew, had its principal place of business in California. This fact alone is sufficient to establish the 'purposeful availment' requirement.") (citing *Calder*, 465 U.S. at 789-90). *See also Brayton I*, 361 F. Supp. 2d at 1140 (noting that although later cases arguably limited *Columbia Picture*'s application in other contexts, "absent a clear indication to the contrary, this court is bound to follow *Columbia Pictures* since it is directly on point inasmuch as the cause of action here is for copyright infringement."). As the court noted in *Brayton I,* asserting personal jurisdiction over an alleged copyright infringer is particularly appropriate in instances where the alleged infringement is willful, where the infringing advertisements are published on the internet and where the products or services advertised are likely to be valued by consumers in the forum state. *Brayton I*, 361 F. Supp. at 1142.

If Plaintiff were to allege a sufficient claim for copyright infringement, the reasoning of *Columbia Pictures* and *Brayton I* would appear to support the exercise of personal jurisdiction in this

case. In the FAC, Plaintiff alleges that TBC "willfully, deliberately and knowingly used Plaintiff's copyrighted works in the course of providing commercial website design services to defendants Jand." FAC, ¶ 24. Plaintiff further avers that both TBC and Jand committed this act "knowing Plaintiff is a resident of [the Central District of California] and would suffer injuries from Defendants' conduct in this district." Under the reasoning of *Columbia Pictures*, willful infringement aimed at a known forum resident establishes a *prima facie* case of purposeful direction. Moreover, as in *Brayton I*, the national website that TBC designed displays eye wear – a product likely to be valued by consumers in California. Therefore, if the FAC stated a plausible claim for willful copyright infringement, it would seem appropriate to subject TBC to specific personal jurisdiction with respect to Plaintiff's copyright claims. Arguably, the rationale of *Columbia Pictures* and its progeny would apply to Plaintiff's trade dress allegations as well. *See Autodesk v. RK Mace Engineering, Inc.*, 2004 WL 603382 at *5 (N.D. Cal. 2004) (collecting cases, including those involving claims for trade dress infringement, to show that "a number of courts have found that willful infringement of ***intellectual property*** is sufficient to meet the requirements of the effects test.") (emphasis added).

As explained in detail below, however, Plaintiff fails to allege sufficient facts in support of either its claim for trade dress infringement or its claim for copyright infringement. As a result, the predicate necessary to trigger the *Columbia Pictures* doctrine – a plausible allegation of infringement – is absent from the current version of the complaint.

Defendants correctly assert that no other basis for personal jurisdiction exists. TBC is a small, two-person New York corporation with its sole office located in New York. Decl. of D. Miller, ¶¶ 4-5. TBC conducts no business in California and maintains no clients, employees, bank accounts, equipment, or investments in California. *Id.* at ¶¶ 7-10.

Accordingly, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED. Plaintiff's claims against TBC are DISMISSED WITHOUT PREJUDICE.[1]

### **Failure to State a Claim**

#### **1. Trade Dress**

---

[1]As set forth below, Plaintiff's copyright and trade dress claims are dismissed with leave to amend. If Plaintiff files an amended complaint that cures the deficiencies identified by the Court, Plaintiff's amended complaint may establish a *prima facie* case of personal jurisdiction. Defendants' instant Motion to Dismiss For Lack of Personal Jurisdiction is thus granted without prejudice to Plaintiff's ability to file an amended complaint against TBC in this district. *See Love v. The Mail on Sunday,* 2006 WL 4046166 (C.D. Cal. 2006) (following dismissal for lack of personal jurisdiction, allowing Plaintiff an opportunity to amend in order to allege sufficient facts to subject the defendant to personal liability).

With its first cause of action, Plaintiff alleges a claim for trade dress infringement in violation of 15 U.S.C. § 1125 ("Lanham Act").  Trade dress refers to the "manner in which the goods or services are presented to prospective purchasers ..." to indicate the creator of the dress.  Restatement (Third) of Unfair Competition § 16 cmt. a (1995).  Trade dress claims involve "the total image of a product and may include features such as size, shape, color or color combination, texture, graphics, or even particular sales techniques." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 808 n. 13 (9th Cir. 2003) (internal citations and quotations omitted).  A claim for trade dress infringement requires a showing that the plaintiff's trade dress is protected – i.e. that it identifies the product source either by being inherently distinctive or having secondary meaning – that it is not functional, and that the defendant's trade dress is confusingly similar to the plaintiff's from the prospective of consumers.  *See* 15 U.S.C. § 1125; *see also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769-70, 112 S. Ct. 2753 (1992); *Clicks Billiard's Inc. v. Sixshooters Inc.*, 251 F.3d 1252 (9th Cir. 2001).  A plaintiff must clearly articulate its claimed trade dress to give a defendant sufficient notice.  *See Walker & Zanger, Inc. v. Paragon Indus., Inc.*, 549 F.Supp.2d 1168, 1174 (N.D.Cal.2007) (citing *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.2d 101, 115 (2d Cir.2001)).

Plaintiff explains that its trade dress claim does not assert ownership of any one particular element of its website.  Pl.'s Opp. at 12.  Rather, Plaintiff seeks protection for the composite effect of several of the website's allegedly distinctive design elements and features.  *Id.*  In other words, Plaintiff asserts a trade dress in the overall "look and feel" of its website.   Intellectual property claims surrounding the overall appearance of a website present relatively novel issues.  *See* Fred H. Perkins, Alvin C. Lin, *What's Old Is New In Web Site Protection*, 7 No. 3 Internet L. & Strategy 3 (March 2009).  Indeed, the Ninth Circuit has yet to explicate the precise boundaries of trade dress law as applied to the internet.  Precedent from around the country, however, indicates that a website's total "look and feel" can constitute a protectible trade dress.  *See Blue Nile, Inc. v. Ice.com, Inc.*. 478 F. Supp. 2d 1240 (W.D. Wash. 2007); *Sleep Science Partners v. Lieberman*, 2010 WL 1881770 (N.D. Cal. 2010); *Conference Archives v. Sound Images, Inc.*, 2010 WL 1626072 (W.D. Pa. 2010).

While supporting the viability of this type of claim, the above-listed cases offer notes of caution regarding the factual detail necessary to support a cause of action based on a website's total "look and feel."  As the court in *Conference Archives* explains, "[h]istorically, trade dresses were easy to describe as items were static and unchanging. Such concepts as a brown wrapper, or a purple pill, are easily reducible to descriptive terms." *Conference Archives*, 2010 WL 1626072 at *9.  By contrast, the elements comprising a website's overall "look and feel" can be more difficult to pin down.  *Id.*  In light of this, a mere cataloguing of a website's features does not give defendants adequate notice of a plaintiff's trade dress claim.  *See Sleep Science*, 2010 WL 1881770 at * 3.  The inadequacy of such cataloguing is exacerbated when a plaintiff, in a complaint, also "employs language suggesting that [the listed components] are only some among many" of the elements comprising the alleged trade dress.  *Id.*

In this case, the FAC states that its trade dress allegations are offered "by way of illustration, not by limitation."  FAC, ¶ 20.  Following this disclaimer, Plaintiff describes several

elements of the Salt website. While Plaintiffs describe these elements with a certain amount of detail, absent from the FAC is any attempt to synthesize these elements in order to describe the way that the listed elements, in conjunction, combine to create the website's protectible "look and feel." The lack of any such synthesis, in conjunction with Plaintiff's expressly stated intention to incorporate other elements of the website into the trade dress claim at a later stage, gives the Court pause. Although Fed. R. Civ. P. 8 requires only a "short and plain statement of the claim," the Court finds that, under the circumstances presented here, Defendants are not given adequate notice of what constitutes Plaintiff's alleged trade dress. *See Sleep Science,* 2010 WL 1881770 at * 3 (a catalogue of a website's components, along with language suggesting that Plaintiff intends to "redefine its trade dress at a future stage of the litigation" does not give defendants adequate notice). Plaintiff should refine its trade dress claim in any amended complaint.

Accordingly, Defendants' Motion to Dismiss is GRANTED with regards to Plaintiff's claims for trade dress infringement. Plaintiff's trade dress claim is DISMISSED WITH LEAVE TO AMEND.

### 2. Copyright

Plaintiff also asserts a cause of action for copyright infringement in violation of 17 U.S.C. § 501 *et. seq.* ("Copyright Act"). To state a claim for copyright infringement, a plaintiff must plausibly allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006). To establish ownership, Plaintiff attaches several copyright registrations to the FAC. These registrations cover the "text, photograph(s), selection, arrangement and compilation" of the Salt website, Exh. A to FAC, as well as all right, title and interest in the Salt Catalogs. Exh..C to FAC. *See also* FAC, ¶ 44. Plaintiff avers that Defendants "have infringed Salt's copyrighted works in violation of 17 U.S.C. § 501 by copying, distributing, creative derivative works, and publicly displaying works that were copied or caused to be copied from the Salt Website and Salt Catalogs that are substantially and/or strikingly similar to those copyrighted works." *Id.* at ¶ 45.

Defendants contend that, like Plaintiff's trade dress allegations, Plaintiff's copyright allegations lack sufficient factual support. The Court agrees. The copyright registrations alleged by Plaintiff are broad, referring to all "text(s), photograph(s), selection, arrangement and compilation" of the Salt Website and all rights related to the Salt Catalogs. Plaintiff makes no attempt to identify which portions of the website or catalog it accuses Defendants of infringing. While the FAC describes several elements of the Salt website in the "Factual Allegations" section, it is unclear whether these descriptions are meant to support Plaintiff's trade dress claims or Plaintiff's copyright claims. Plaintiff needs to delineate more clearly which facts it alleges in support of its trade dress claim and which facts it alleges in support of its copyright claim.

In arguing that they have plead sufficient facts in support of its copyright claim, Plaintiff

points to a series of cases and treatises that "'disclaim any heightened pleading standard in the copyright ambit,'" and which, Plaintiff asserts, have allowed copyright claims to go forward on allegations similar to those stated in the FAC.  Pl.'s Opp. at 27 (quoting 1-12 Nimmer on Copyright, § 12.09) (citing *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 644 (S.D.N.Y. 2008); *Jetform Corp. v. Unisys Corp.*, 11 F. Supp. 2d 788, 790 (E.D. Va. 1998); *Blazon, Inc. v. DeLuxe Game Corp.*, 268 F. Supp. 416 (S.D.N.Y 1965); *Dave Grossman Designs, Inc. v. Bortin*, 347 F. Supp. 1150 (N.D. Ill. 1972); *Affiliated Enters, Inc. v. Gruber*, 86 F.2d 958 (1st Cir. 1936).

The cases cited by Plaintiff are inapposite.  In none of the cited cases did the facts present confusion regarding whether a given fact was meant to support a claim of copyright or trade dress infringement.  Of all of Plaintiff's cited cases, only *Bortin* involved both a copyright and trade dress claim.  The facts of *Bortin*, moreover, allowed for clear delineation between the two bodies of law: the *Bortin* plaintiff sought copyright protection for a toy statute and trade dress protection for the statute's packaging.  *Compare Bortin,* 347 F. Supp. at 1156 (copyright claim concerns "the general style ... used in sculpting [the statute's] faces") *and id.* at 1157 (trade dress claim concerns the "boxes, tags, and brochures that each party uses to package and display their wares").  Unlike here, the *Bortin* defendants had adequate notice of the way that plaintiff's factual allegations aligned with the asserted legal claims.

Moreover, with one exception, every case cited by Plaintiff predated the Supreme Court's holding in *Twombly*.  What might have been considered a "heightened pleading standard" in the pre-*Twombly* era may simply be the default standard today.  The only post-*Twombly* case cited by Plaintiff proves instructive as a means of comparison.  In *Arma*, the plaintiff's claim survived a motion to dismiss because it was supported by a list of fourteen specific, registered images and stated a specific number of instances of infringement.  *Arma*, 591 F. Supp. 2d at 644.  In addition, the infringement alleged in *Arma* arose out of a failed business relationship between plaintiff and defendant wherein plaintiff had licensed the use of several of its images to defendant.  This preexisting use of certain images certainly made it easier for defendants to discern the content that they were alleged to have infringed.  No such facts exist here.

Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's copyright claims.  These claims are DISMISSED WITH LEAVE TO AMEND.

As Plaintiff has failed to adequately plead the fact of copyright infringement, Plaintiff's claims for vicarious and contributory copyright infringement must also fail.  Defendants' Motion to Dismiss these claims is GRANTED.  These claims are DISMISSED WITH LEAVE TO AMEND.

### 3. Trade Dress Infringement and the Copyright Act

Were it not for the doctrine of copyright preemption, the defects identified in Plaintiff's trade dress and copyright claims possibly could be cured by forcing Plaintiff to provide a more definite statement under Fed. R. Civ. P. 12(e).  The preemption issue, however, makes dismissal – with leave to

amend – a more appropriate option.  Courts have "long limited application of the Lanham Act so as not to encroach on copyright interests." 1 Melvin B. Nimmer & David Nimmer, Nimmer on Copyright, § 1.01[D][2] (2005); *see also Dastar Corp. v. Twentieth Century Fox Film Corp*, 539 U.S. 23, 33 (2003) (declining to apply Lanham Act in manner that would cause a "conflict with the law of copyright").  A court, therefore, should not "expand the scope of the Lanham Act to cover cases in which the Federal Copyright Act provides an adequate remedy ." *Shaw v. Lindheim*, 919 F.2d 1353, 1364-65 (9th Cir.1990).  Parallel claims under the Copyright Act and the Lanham Act, however, "are not *per se* impermissible." *Blue Nile*, 478 F. Supp. 2d. at 1244.  Indeed, relevant to the present case, a website may contain original works that infringe another's copyright and simultaneously present an overall "look and feel" that violates another's trade dress.  *See Sleep Science*, 2010 WL 1881770 at *5 ("Courts have concluded that a website's 'look and feel' could constitute protectable trade dress that would not interfere with copyright interests.")

The Court's present inability to delineate between the facts alleged in support of Plaintiff's trade dress claim and the facts alleged in support of its copyright claim make it difficult for the Court to conduct a proper preemption analysis.  As *Sleep Science* and *Conference Archives* noted, trade dress claims based on a website's overall "look and feel" demand factually specific support, in order to ensure that Plaintiff has articulated a cause of action for trade dress that does not fall under the purview of the Copyright Act.  *Sleep Science*, 2010 WL 1881770 at *5 (trade dress claims based on a website's overall "look and feel" demand factually specific support in order to ensure that Plaintiff has articulated a cause of action that does not fall under the purview of the Copyright Act); *Conference Archives*, 2010 WL 1626072 at *16 (same).

### 4. Federal Unfair Competition

The FAC also asserts a cause of action under the federal unfair competition statute, 15 U.S.C. § 1125(a).  Defendants argue that Plaintiff's claim for federal unfair competition arises solely from Jand's allegedly unauthorized appropriation of Plaintiff's trade dress and, as such, must be dismissed for the same reasons that Plaintiff's trade dress claim must be dismissed.  In its Opposition, Plaintiff makes no mention of Defendants' Motion to Dismiss its federal unfair competition claims, nor advances arguments with respect to this claim.  As such, Plaintiff's federal unfair competition claim is DISMISSED AS UNOPPOSED.

### 5. State Unfair Competition

Plaintiff's sixth cause of action is for unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et. seq.***.**   In support of this claim, Plaintiff alleges that Defendants have "appropriated and used Salt's copyrights."  FAC, ¶ 75.  As explained above, Plaintiff has failed to provide fair notice to Defendants regarding the alleged appropriation of copyrights.  Such inadequate notice proves no more fair in the context of an unfair competition claim than it does in the context of a copyright claim. In addition, Plaintiff does not clearly allege how its state law unfair competition claim is "qualitatively

different from [its] copyright ... claim," as required for the unfair competition claim to survive a copyright preemption challenge. *Summit Mach. Tools Mfg. Corp. v. Victor CNC Systems, Inc.*, 7 F.3d 1434, 1429 (9th Cir. 1993).

Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's claim for unfair competition under Cal. Bus. & Prof. Code § 17200 *et. seq.*. This claim is DISMISSED WITH LEAVE TO AMEND.

### 6. Common Law Misappropriation

Finally, Plaintiff asserts a claim for common law misappropriation. Like its unfair competition claim, Plaintiff's misappropriation claim strikes the Court as an attempted repackaging of its trade dress and copyright claims. This claim suffers from the same dearth of factual specificity that mandated dismissal of Plaintiff's other claims. The lack of allegations distinguishing the misappropriation claim from Plaintiff's copyright claim also raises problems with respect to preemption.

Defendants' Motion to Dismiss is thus GRANTED with respect to Plaintiff's misappropriation claim. This claim is DISMISSED WITH LEAVE TO AMEND.

## VI. DISPOSITION

For the reasons set forth above, Defendants' Motion to Dismiss TBC for Lack of Personal Jurisdiction is DENIED. Defendant's Motion to Dismiss for Failure to State a Claim is GRANTED in its entirety. The Court orders Plaintiff's claims DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file any amended complaint by December 13, 2010. Defendants shall have until January 3, 2011 to answer, move to dismiss or otherwise respond to any amended complaint.

The Clerk shall serve this minute order on all parties to the action.