1 | Roger N. Behle, Jr., State Bar No. 174755
2 | Marisa D. Poulos, State Bar No. 197904
3 | FOLEY BEZEK BEHLE & CURTIS, LLP
   | 575 Anton Boulevard, Suite 710
4 | Costa Mesa, California 92626
   | Telephone: (714) 556-1700
5 | Facsimile:  (714) 546-5005



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 1 3 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

6
7 | Attorneys for Plaintiff,
   | SALT OPTICS, INC.
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

11 | SALT OPTICS, INC., a California

12 | Corporation,

13 |           Plaintiff,

14 | vs.

15 |

16 | JAND, INC. dba WARBY PARKER, a

17 | Delaware Corporation; THE BEAR

18 | CAVE DESIGN, INC., a New York

Corporation, and DOES 1 through 10,

inclusive.

19 |           Defendants.

Case No.: SACV10-828 DOC(RNBx)

**SECOND AMENDED COMPLAINT FOR:**

1. **Trade Dress Infringement**
2. **Copyright Infringement**
3. **Vicarious Copyright Infringement**
4. **Contributory Copyright Infringement**
5. **Unfair Competition – 15 U.S.C. § 1125(a)**
6. **Common Law Unfair Competition**
7. **Common Law Misappropriation**

**DEMAND FOR JURY TRIAL**

Plaintiff, SALT OPTICS, INC. ("Salt"), by and though its undersigned attorneys, hereby brings its Second Amended Complaint against JAND, INC. dba WARBY PARKER, a Delaware Corporation ("JAND") and THE BEAR CAVE DESIGN, INC. ("TBC"), and DOES 1 through 10 (collectively "Defendants") and alleges as follows:

ORIGINAL

1

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over the Lanham Act claims and Copyright Act claims set forth herein pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1125(a), as this action arises, in part, under the Copyright Act, 17 U.S.C. Sections 501, *et seq.*, under the Lanham Act, 15 U.S.C. Sections 1051, *et seq.*, and for related claims of unfair competition. The jurisdiction of this Court is invoked based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Furthermore, jurisdiction is proper pursuant to 28 U.S.C. Sections 1338(a) (copyright infringement), 1338(b) (unfair competition), 1331 (federal question), and 15 U.S.C. Section 1121, the doctrine of pendant jurisdiction. Plaintiff further seeks declaratory relief pursuant to 28 U.S.C. § 2201 and injunctive relief pursuant to 28 U.S.C. § 2202.

2.    Personal jurisdiction over Defendants is vested and venue is proper in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1391, since a substantial part of the events giving rise to the claims set forth herein occurred in this District, and Defendants have knowingly and purposefully directed their infringing acts to this District, and/or against Plaintiff, knowing Plaintiff is a resident of this District and would suffer injuries from Defendants' conduct in this District, and Plaintiff has suffered the injuries as a result of Defendants' wrongful acts in this District.

3.    Further, venue is properly laid in this Court pursuant to 28 U.S.C. Sections 1400(a) and 1404(a) in that the claim arises in this District and the Defendants may be found to transact business in this district.

\\\
\\\
\\\

SECOND AMENDED COMPLAINT

**PARTIES**

4.     Plaintiff Salt is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business at 1607 Monrovia Avenue, Costa Mesa, California 92627.

5.     Salt is engaged in the business of designing, developing, producing, marketing, and selling premium eyewear and accessories. As set forth below, Salt's original works of authorship, including, without limitation, its graphic designs, photographs, catalogs and website design have been registered with the United States Copyright Office. Salt's eyewear and other products are distributed for sale throughout the world.

6.     Salt is informed and believes, and thereupon alleges, that Defendant JAND is a Delaware corporation, maintaining its principal place of business in Philadelphia, Pennsylvania.

7.     Plaintiff Salt is informed and believes, and thereupon alleges, that Defendant TBC is a New York corporation, maintaining its principal place of business in New York, New York.

8.     The Defendants designated herein as "DOES 1 through 10" are presently unknown to Salt.  The true names, identities and capacities, and the respective relationship of the DOE Defendants to the known Defendants, are presently unknown to Salt, who therefore sues said DOE Defendants by such fictitious names.  Each of the DOE Defendants was and is the agent, servant, employee, partner, alter ego, subcontractor, owner, and/or joint venturer of each of the other Defendants, and in doing all of the things alleged herein, each was acting within the scope of such agency, employment, partnership, ownership and/or joint venture, and was acting as the alter ego of each other Defendant.  Salt is further informed and believes that the acts and conduct herein alleged of each such Defendant were known to, authorized by and/or ratified by the other Defendants, and each of them.  Salt requests leave of Court to amend this complaint to set forth

3

SECOND AMENDED COMPLAINT

1   the true names, identities and capacities of the DOE Defendants upon ascertaining

2   the same. The DOE Defendants and the known Defendants are referred to

3   hereinafter collectively as the "Defendants."

4       9.    Salt is informed and believes and thereon alleges, that Defendants

5   have copied, reproduced, displayed, modified, transformed, adapted, and/or

6   distributed copyrightable elements from the Salt website, located at

7   www.saltoptics.com (the "Salt Website"). Those copyrightable elements are

8   described in detail below.

9       10.   Separate and district from the copyrightable elements of the Salt

10  Website, Salt further alleges that it owns protectable trade dress comprising the

11  distinctive "look and feel" of the Salt Website. The specific combination of trade

12  dress elements, together with a synthesis and description of the way in which these

13  elements, in conjunction, combine to create the distinctive "look and feel" of the

14  Salt Website is described in detail below.

15      11.   Salt alleges that its trade dress serves to identify Salt as the source of

16  high-quality eyewear products to the consuming public. Salt has invested

17  substantial time, effort and financial resources promoting its  trade dress in

18  connection with the marketing and sale of its goods in interstate commerce. The

19  trade dress has become, through widespread and favorable public acceptance and

20  recognition, an asset of substantial value as a symbol of Salt, its quality products

21  and its good will. Salt alleges that its trade dress is inherently distinctive as applied

22  to its goods. In the alternative, Salt alleges that the trade dress has acquired

23  secondary meaning through Salt's long-term, widespread and continuous use of the

24  trade dress in commerce.

25      12.   Salt is further informed and believes, and thereon alleges, that

26  Defendants have mimicked and used the distinctive "look and feel" of the Salt

27  Website on the Warby Parker website, located at www.warbyparker.com (the

28  "Warby Parker Website"), without authorization.

4

SECOND AMENDED COMPLAINT

## FACTUAL ALLEGATIONS

A.     The Salt Website

13.     Salt was established in 2006 in southern California and its founders have over 30 years of experience in building brands, developing products and servicing customers in the optical, fashion apparel, and accessories markets. Salt is a leader in the design, marketing and sale of premium, handcrafted eyewear. Salt's products are recognized and sold worldwide through various retailers, and through Salt's online store at www.saltoptics.com.

14.     To promote its products and inform prospective clients of where to purchase Salt products, including direct sales to the public via its online store, Salt created the Salt Website. Pages from the Salt Website are attached hereto as Exhibit "A."

15.     The Salt Optics website is available globally, and it sells its eyewear products via its website in interstate commerce throughout the United States, and elsewhere. The Salt Website utilizes photographs, graphics and text created exclusively for Salt. Salt owns all rights, title and interest in and to the Salt Website.

B.     The Salt Website Copyright

16.     Salt is the owner of all right, title and interest in and to the copyrightable elements of the Salt Website. The text, photographs, selection, arrangement and compilation of the Salt Website comprise the copyrightable elements of the Salt Website ("Salt Website Copyright"). These copyrightable elements have been registered with the United States Copyright Office and bear registration number VA1-709-104. A true and correct copy of the Salt Website Copyright registration is attached hereto as Exhibit "B," and incorporated herein by reference.

///

///

C.   The Salt Website Trade Dress

17.   As its name implies, Salt has utilized ocean-inspired imagery, colors and themes to market and sell its products. The Salt Website incorporates these ocean-inspired images, colors and themes. Customers visiting the Salt Website experience these images, colors and themes in much the same way that customers visiting a brick-and-mortar business experience the décor, motifs, bright colors, paintings and murals of those businesses.

18.   Salt has become a famous eyewear brand featured in local and nationwide publications, including: Self Magazine; Men's Journal; In-Style Magazine; GQ; Marie Claire; Vanity Fair; Men's Fitness; People; O Magazine; and Lucky Magazine including articles featuring celebrities wearing Salt's eyewear products.

19.   The Salt Website also bears Salt's name, notifying the public of its authorship and ownership of the material, images, text, illustrations, photographs, designs, graphics and logos contained therein. Furthermore, the "Terms and Conditions" and "Privacy Policy" on the Salt Website contain notifications to the public that the copyrights, trademarks, trade dress and/or other intellectual properties contained therein are owned, controlled and/or licensed by Salt.

20.   On information and belief, JAND is a corporation doing business as Warby Parker on Warby Parker Website and is in the business of selling eyewear via the internet.

21.   On information and belief, TBC is a business that specializes in website design and was engaged by JAND to design the Warby Parker Website.

22.   The Salt Website incorporates a trade dress comprising a distinctive "look and feel" of elements. This trade dress includes the placement of photographs, colors, borders, frames, interactive elements and overall mood, style and impression. These elements are applied throughout the Salt Website in combination to create Salt's trade dress. Moreover, the Salt Website incorporates a

6

1    distinctive visual design, graphic treatment and familiar interface design that has

2    become readily identifiable by the consuming public as originating from Salt.

3        23.    As set forth herein, the "look and feel" of the Salt Website is

4    comprised of three elements in combination:

5                    A. The Use of Color on the Salt Website

6        The Salt Website prominently, yet discretely, highlights certain words with a

7    *single* color - **"Saltwater Blue"** - with the remaining text remaining in black and

8    grey.  Likewise, the Warby Parker Website features the same recognizable *single*

9    color - **"Saltwater Blue"** - to highlight certain words, leaving the remaining text in

10   black or grey.

11       Also, the background borders of the Salt Website are comprised of a muted

12   blue/grey color against a white foreground, which sets-off the information and

13   images contained in white foreground. Similarly, the background of the Warby

14   Parker Website is comprised of a muted blue/grey color against a white

15   foreground.    By featuring the same colors in the Warby Parker website,

16   Defendants have copied the overall mood and impression of the Salt Website.

17               B.    Salt's Presentation of Its Eyewear Collection And The

18                     Selection Process

19       The Salt Website presents to prospective purchasers the company's eyewear

20   collections in a creative, distinctive and recognizable way that has become

21   associated with Salt. This content, design, presentation and interactive elements

22   has been copied and mimicked by the Warby Parker Website so that both websites

23   appear similar and related to each other such that a consumer would be confused.

24               (1)    Eyewear Collections: Level One. Once an eyewear

25   collection is selected (i.e., men's, women's, or sun), a customer views a webpage

26   with many eyewear products on it.  This first level also provides a customer with

27   the ability to scroll up and down to view additional eyewear products using a scroll

28   bar located on the right.  At this first level, the website page is divided in two-

1  halves, a left half and a right half. On the left half of the page, photographs of the
2  eyewear frame styles are depicted in "stacked" rows. Each frame style name
3  appears immediately above the photograph of the corresponding frame style.  The
4  frame styles are depicted on the page at a 45-degree angle, with the frame temple
5  "arms" angled upward to the viewer's right. Salt gives each of its frame styles a
6  single distinctive name – such as "Fletcher" or "Davis."  On the right half of the
7  page, a head-shot photograph of a model wearing a particular frame style appears.
8  The model photograph changes as the website user clicks on the corresponding
9  frame style name on the left half of the page.

10      The Warby Parker Website uses the same "look and feel" to its website,
11 utilizing a strikingly and confusingly layout, scrolling technique, use of
12 photographs, placement of glasses and the glasses corresponding name, style and
13 interactive elements for a user to view its eyewear collections. Like the Salt
14 Website, the Warby Parker Website collections page is divided in two halves, a left
15 half and a right half. On the left half of the page, photographs of the eyewear frame
16 styles are depicted in stacked rows with the same ability for the customer to scroll
17 up and down on the right using a scroll bar. Frame style names appear immediately
18 above the corresponding photographs of the frame styles.  Like the Salt Website,
19 the frame styles are depicted at 45-degree angles, with the frame temple "arms"
20 angled upward to the viewer's right. Adding to the confusion, JAND uses single
21 names for the frame styles – such as "Colton" or "Miles."  On the right half of the
22 page, the Warby Parker Website also includes a head-shot photograph of a model
23 wearing a particular frame style. As with the Salt Website, the model photograph
24 changes as the website user clicks on the corresponding frame style name on the
25 left half of the page. The Warby Parker Website also includes a magnification tool,
26 just like the tool on the Salt Website.  The overall similarity between the layout,
27 visual design and user interaction of the Salt Website and the Warby Parker
28 Website creates a high likelihood of confusion for consumers.

SECOND AMENDED COMPLAINT




Salt Optics Website.



Warby Parker Website.

      (2)   <u>Eyewear Collections-Selection: Level Two</u>. Once the prospective purchaser/user selects a frame, the next screen that is displayed on the Salt Website features a close up photograph of the selected eyewear frame. This photograph dominates the upper half of the screen. The selected frame is depicted at a 45-degree angle, on a white background, and is surrounded by black and white text with the same muted blue/grey background. Additionally, in the lower right-hand corner of this page, two headshot photographs of a model wearing the

9

selected frame style appear.  The model appears in two distinct poses, a "head on" pose and a "profile" pose.  The Warby Parker Website displays the selected eyewear in the same manner and photographs models in the exact same poses.



Salt Optics Website



Warby Parker Website.

C.   The Placement of Logos

As demonstrated above, the Salt Website strategically places its logo in the upper left hand corner of its website displaying the eyewear collection.  Likewise,

10

1  the Warby Parker Website places its logo in the top left hand corner of each page

2  of the website, and displays products and models in the same manner and poses,

3  and relies on the same familiar interface and recognizable elements that comprise

4  the essence of the Salt Website.

5  24.  At all times herein mentioned, Defendants have misappropriated,

6  copied, distributed, created derivative works of, emulated and publicly displayed

7  on the Warby Parker Website material that infringes Salt Optics Website

8  copyright.  In addition, Defendants have mimicked the "look and feel" of the Salt

9  Website trade dress by featuring the same colors, borders, frames, interactive

10  elements, and overall mood and impression that have become readily identifiable

11  by the consuming public as originating from Salt which Defendants then

12  incorporated into the Warby Parker Website, all without the permission or

13  authorization of Salt.  Examples of such infringing material are attached hereto as

14  Exhibit "C," and incorporated by reference.

15  25.  Plaintiff is informed and believes and thereon alleges that

16  Defendants intentionally copied, modified, transformed and adapted the copyrights

17  comprising the text, photographs, selection, arrangement and compilation of the

18  Salt Website all with knowledge of Salt's copyrights. In addition, Defendants have

19  copied and mimicked the colors, themes, orientation, text, photographs, images and

20  overall impression of the Salt Website by mimicking the "look and feel" and

21  overall impression on the Warby Parker Website, all with knowledge of and in

22  violation of Salt's rights.

23  26.  Defendants have made commercial use of the Salt Website and of

24  the copyrighted material therein. Plaintiff is informed and believes, and thereon

25  alleges that Defendant, JAND willfully, deliberately and knowingly used

26  Plaintiff's copyrighted works for the purpose of promoting its business and

27  attracting new business, in competition with Plaintiff and/or to confuse customers

28  as to source of its goods.  Plaintiff is informed and believes and thereon alleges

11

SECOND AMENDED COMPLAINT

1   that Defendant, TBC willfully, deliberately and knowingly used Plaintiff's
2   copyrighted works in the course of providing commercial website design services
3   to Defendant JAND.

4          27.     Plaintiff is informed and believes and thereon alleges that the
5   Warby Parker Website incorporates material and false or misleading statements of
6   fact regarding the source and quality of JAND's products.

7          28.     On information and belief, Defendant TBC knowingly and
8   willfully enabled, aided, contributed to, and /or assisted Defendant JAND in
9   confusing and misleading the public as to the source of JAND's products, and as to
10  the ownership of the Warby Parker Website.

11         29.     Salt has taken prompt action upon learning of Defendants'
12  wrongful conduct by seeking court intervention to prevent further infringement of
13  the Salt Website pending trial.

14         30.     Salt has never granted to any of the Defendants, individually or
15  collectively, any form of right in its lawfully registered copyrights, trade dress or
16  name or any other proprietary right.

17         31.     The aforesaid activities of the Defendants materially affect
18  interstate commerce among the several states in that Defendants service interstate
19  customers.  Further, the activities of the Defendants materially affect interstate
20  commerce in that Salt's products, including the copyrights and trade dress
21  attendant thereto, are offered in interstate commerce.

22  ///
23  ///
24  ///
25
26
27
28

SECOND AMENDED COMPLAINT

1

**FIRST CAUSE OF ACTION**

2

Trade Dress Infringement Against All Defendants

3

(15 U.S.C. § 1125)

4      30.    Salt incorporates the allegations contained in paragraphs 1 through 29

5  of this Complaint as though set out at length herein.

6      31.    The similarities between the (1) use of color, (2) visual and interface

7  design of its eyewear collections and selection webpages, and (3) logo placement

8  on the Warby Parker website which is published in interstate commerce and Salt

9  Optics' distinctive (1) use of color, (2) visual and interface design of its eyewear

10  collections and  selection webpages, and (3) logo placement which are associated

11  with Salt Optics quality, reliability, reputation and goodwill is likely to cause

12  consumer confusion or to cause mistake or to deceive as to the affiliation,

13  connection, or association with and/or endorsement or approval by the same source

14  as the Salt Optics Website.

15      32.    On information and belief, Salt alleges that at all times herein

16  mentioned, Defendants exercised joint ownership and control over the Warby

17  Parker Website, and/or intentionally induced or encouraged the infringement of

18  Salt's trade dress and related rights under 15 U.S.C. § 1125(a).

19      33.    The trade dress comprising the Salt Website is unique, recognizable

20  and not merely functional.

21      34.    Upon information and belief, Salt alleges that actual and potential

22  customers of Salt have relied upon this likely confusion, mistake and/or deception

23  and such reliance has economically impacted Salt's business.

24      35.    The foregoing acts of Defendants constitute trade dress infringement,

25  false designation of association, affiliation, connection, endorsement and/or

26  approval under 15 U.S.C. 1125(a).

27      36.    The deception resulting from these acts is material, in that they are

28  very likely to influence the purchasing decisions of potential customers.  Salt has

13

1    been and/or is likely to be injured as a result of Defendants' acts, either by direct
2    diversion of customers from Salt to JAND, or by the lessening of the good will that
3    Salt has built and enjoyed in the marketplace.

4    37.    Salt has been adversely affected by Defendants' acts. As a direct and
5    proximate cause of Defendants' conduct, Salt has sustained damages in an amount
6    to be determined at trial.  By reason of Defendants' conduct, Salt has suffered, and
7    is suffering, and will continue to suffer irreparable harm, and unless Defendants'
8    are enjoined, the irreparable harm to Salt will continue. Salt has no adequate
9    remedy at law.

10   38.    Salt is entitled to recover from Defendants the damages sustained by it
11   as a result of Defendants' wrongful acts as alleged in this Second Amended
12   Complaint. Salt is, further entitled to recover from Defendants the gains, profits,
13   and advantages they have obtained as a result of their wrongful acts as alleged in
14   this Second Amended Complaint. Salt is at present, unable to ascertain the full
15   extent of these gains, profits, and advantages. Salt is further entitled to treble
16   damages as result of Defendants' willful bad faith.

17   39.    Salt is entitled to an injunction restraining Defendants, their officers,
18   agents, employees and all persons acting in concert with them, from engaging in
19   further unlawful acts and from reaping any additional commercial advantage from
20   their trade dress infringement, false representations and false designations of the
21   origin of Salt products.

22   40.    Salt is informed and believes and thereon alleges, that Defendants'
23   breach of the Lanham Act was willful, malicious, oppressive and fraudulent,
24   justifying an award of attorneys' fees.

25   ///
26   ///
27   ///
28

14

**SECOND CAUSE OF ACTION**

(Copyright Infringement – 17 U.S.C. § 501 et seq.)

Against all Defendants

42.   Salt incorporates the allegations contained in paragraphs 1 through 41 of this Complaint as though set out at length herein.

43.   Salt has a registered copyright in the "Salt Optics 3.6" webpages, including, but not limited to, its compilations of text and photographs, arrangement, display of the named glasses on one side of the collection webpage, juxtaposed with a photograph of the glasses being worn by a model on the other at Level One, together with the Level Two webpage, bearing a close up photograph of the glasses featured at a distinct angle above multiple smaller images of the eyewear displaying color choices along with two distinct views of the glasses being worn by a model.  Salt has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights.  Salt has secured the exclusive rights and privileges in and to the copyrights for the Salt Website.

44.   The Defendants had access to the Salt Website, including the Salt Eyewear Collections webpages.

45.   The Defendants copied and/or created derivative works from the Salt Website, including the Salt Eyewear Collections webpages.

46.   The Defendants presentation of its compilations of text and photographs, arrangement, display of the named glasses on one side of the collection webpage, juxtaposed with a photograph of the glasses being worn by a model on the other side, which also bears a close up photograph of the glasses featured at a distinct angle above multiple smaller images of the eyewear displaying color choices along with two distinct views of the glasses being worn by a model is substantially similar to original protected elements of Salt Optics copyrighted "Salt Optics 3.6" webpages.

47. Salt is the sole owner of all right, title and interest in and to the Salt Website copyrights and the corresponding Certificate of Copyright Registration. The Certificate of Copyright registration constitutes prima facie evidence of the validity of the copyright.

48. Salt is informed and believes, and thereon alleges, that Defendants have infringed Salt's copyrighted works in violation of 17 U.S.C. § 501 by copying, distributing, creating derivative works, and publicly displaying works that were copied or caused to be copied from the Salt Website that are substantially and/or strikingly similar to those copyrighted works.

49. Defendants have willfully infringed, and unless enjoined, will continue to willfully infringe Plaintiff Salt's registered copyrights by reproducing, copying, adapting, duplicating, displaying, distributing and utilizing for purposes of trade unauthorized versions of Plaintiff Salt's copyrighted works, in violation of 17 U.S.C. Section 501, et seq.

50. Defendants have willfully infringed, and unless enjoined, will continue to willfully infringe Plaintiff's registered copyrights by knowingly reproducing, copying, adapting, duplicating, distributing and utilizing for purposes of trade unauthorized versions of Plaintiff Salt's copyrighted works.

51. Defendants have received substantial monies from sales of the infringing works and otherwise.

52. All of the Defendants' acts were and are performed without the permission, license or consent of Salt.

53. The wrongful acts of Defendants have caused, and are causing, great injury to Salt, which damage cannot be accurately computed, and unless this Court restrains the Defendants from further commission of said acts, Salt will suffer irreparable injury, for all of which it is without an adequate remedy at law.

54. By reason of Defendants' copyright infringement, Salt has suffered and is suffering substantial damage to its business in the form of diversion of trade,

1   loss of profits, injury to goodwill and reputation, and the dilution of the value of its

2   rights, all of which are not yet fully ascertainable.

3       55.    Salt is entitled to attorney's fees pursuant to 17 U.S.C. Section 505.

4   **THIRD CAUSE OF ACTION**

5   Vicarious Liability For Copyright Infringement

6   Against All Defendants

7       53.    Salt incorporates the allegations set forth in paragraphs 1 through 52

8   of this Complaint as if fully rewritten herein.

9       54.    At all times, Salt has owned all right, title and interest in and to the

10   copyrighted works as set forth above.

11       55.    Salt has complied in all respects with Title 17 of the United States

12   Code, secured the exclusive rights and privileges in and to the above-referenced

13   copyright, and in compliance with the law has obtained from the Register of

14   Copyrights the appropriate certificates of registration, constituting *prima facie*

15   evidence of the validity of the copyrights and of the facts stated in the certificates.

16       56.    Before and/or after the date of the filing for registration of the above-

17   referenced copyrights and continuing to date, Defendant JAND has vicariously

18   infringed Salt's copyrighted works. Among other things, Defendant JAND had the

19   right and ability to supervise the infringing conduct of TBC, and JAND and TBC

20   had an obvious and direct financial interest in the exploitation of Salt's copyrighted

21   works.

22       57.    Salt has no adequate remedy at law.  The conduct of Defendants, if

23   not enjoined, will continue to cause irreparable damage to the rights of Salt and its

24   Copyrighted work.

25       58.    As a result of Defendants' wrongful conduct, Salt is entitled to

26   injunctive relief and damages.

27

28

# FOURTH CAUSE OF ACTION

## Contributory Copyright Infringement Against All Defendants

59.     Salt incorporates the allegations set forth in paragraphs 1 through 58 of this Complaint as if fully rewritten herein.

60.     Before and/or after the date of the filing for registration of the above-referenced copyrights and continuing to date, Defendants have directly and contributorily infringed Salt's copyrighted works. Among other things, Defendant JAND had knowledge or reason to know of the infringing activity by TBC, and induced, caused, materially contributed or substantially participated in the infringing conduct of TBC.

61.     Salt in informed and believes, and thereon alleges, that said conduct by Defendants was and is willfully done with knowledge of Salt's copyrighted works, and /or was and is negligently done.

62.     Salt has no adequate remedy at law.  The conduct of Defendants, if not enjoined, will continue to cause irreparable damage to the rights of Salt and its copyrighted work.

63.     As a result of Defendants' wrongful conduct, Salt is entitled to injunctive relief and damages.

# FIFTH CAUSE OF ACTION

## California Bus. And Prof. Code Section 17200 et seq.

### Against All Defendants

64.     Salt incorporates the allegations set forth in paragraphs 1 through 63 of this Complaint as if fully rewritten herein.

65.     Salt is informed and believes, and therefore alleges, that Defendants' wrongful conduct complained of herein constitutes an unlawful and unfair business practice in violation of California's statutory unfair competition laws.

66.     Salt has invested substantial time, skill and money in developing the Salt Copyrights and Salt Website.  By relying on the arrangement, selection, design

18

and manner in which Salt's goods are presented to Defendant, JAND's prospective purchasers; Defendants have appropriated and used Salts copyrights, including those embodied in the Salt Website at little or no cost.

67. Salt did not authorize or consent to have its property appropriated and used by Defendants. To that end, Defendants' conduct has resulted in a wrongful diversion of business, money, and/or property from Salt to Defendants.

68. Unless enjoined, Defendants will continue to deceive consumers and compete unfairly.

69. As a result of Defendants' appropriation and use of Salt's property, Salt has suffered and will continue to suffer irreparable injury to its business reputation and goodwill, and has and will continue to lose sales and profits in an amount not yet fully ascertained. Salt's remedy at law is not by itself adequate to compensate it for the injuries inflicted by Defendants.

## SIXTH CAUSE OF ACTION

### Common Law Misappropriation

70. Salt incorporates the allegations set forth in paragraphs 1 through 77 of this Complaint as if fully rewritten herein.

71. Salt has invested substantial time, skill and resources in developing the Salt Website, which Defendants have wrongfully appropriated and used at no cost to Defendants and without the authorization or consent of Salt. Moreover, Defendants have made false and misleading representations of fact on the Warby Parker website and elsewhere to advertise and promote Warby Parker's products, when they knew that such representation was false. As as a result, Defendants' conduct constitutes an unlawful misappropriation of Salt's property interests in the Website.

72. Unless enjoined, Defendants will continue to appropriate Salt's property interest in the Salt Website.

19

SECOND AMENDED COMPLAINT

73.     As a result of this misappropriation by Defendants, Salt has suffered and will continue to suffer irreparable injury to the value of its website, its business reputation and goodwill, and has and will continue to lose sales and profits in an amount to be fully ascertained.  Salt's remedy at law is not by itself adequate to compensate it for the injuries inflicted by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Salt prays for relief as follows:

1.     The Defendants, their partners, directors, servants, employees, officers, agents, representatives, and attorneys, and all persons in active concert or participation with them, be enjoined and restrained during the pendency of this action and permanently thereafter,

    a. From copying, distributing, creating derivative works, publicly displaying, using, offering for sale, selling, or otherwise using Salt's copyrighted works, any material incorporating the Salt Website or otherwise infringing upon the Salt Website in any manner;

    b. From using, or contributing or aiding to the use by others of, false or misleading designations of origin or making false or misleading representations of fact on JAND's Warby Parker Website and elsewhere to advertise and promote JAND's Warby Parker products and eyewear;

    c. From unfairly competing with Salt; and

    d. From continued misappropriation of the Salt Website.

2.     During the pendency of this action, the Warby Parker Website be removed and all other materials incorporating the infringing works be impounded and that all such works be destroyed upon the entry of final judgment;

20

SECOND AMENDED COMPLAINT

3.    Salt be awarded its damages and the profits of each Defendant resulting from Defendants' unlawful acts;

4.    Salt be awarded in the alternative, statutory damages for copyright infringement in the amount of $150,000.00 for each work infringed as against each Defendant;

5.    Salt be awarded treble damages and punitive damages based on Defendants' willful, malicious and unlawful conduct;

6.    Actual damages;

7.    An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the reproduction, adaptation, duplication, promotion, distribution or sale of products attributable to Salt's copyrights, or other media that improperly or unlawfully infringes upon Salt's copyrights;

8.    That Defendants pay Salt general damages in an amount to be proven;

9.    An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the reproduction, adaptation, duplication, promotion, distribution or sale of the Salt Website, or other media that improperly or unlawfully infringes upon Plaintiff's copyrights.

DATED:  December 13, 2010    **FOLEY BEZEK BEHLE & CURTIS, LLP**

By:  _____
        Roger N. Behle, Jr.
        Attorneys for Plaintiff
        SALT OPTICS, INC.

SECOND AMENDED COMPLAINT

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3.4.10.1, Plaintiff hereby demands a jury trial in this matter.


DATED:  December 13, 2010    **FOLEY BEZEK BEHLE & CURTIS, LLP**


By:    _____
                Roger N. Behle, Jr.
                Attorneys for Plaintiff
                SALT OPTICS, INC

22

# Exhibit A

Case 8:10-cv-00828-DOC-RNB Document 20-1 Filed 09/03/10 Page 2 of 13 Page ID
Case 8:10-cv-00828-DOC-RNB Document 30 Filed 12/13/10 Page 24 of 25 Page ID #:1206
#:343



